Minute Order Form (06/97)

JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 8121 | DATE | 7/18/2001 |
| CASE TITLE | People of the State of Illinois, ex rel. James E. Ryan vs. United States Department of the Army | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER. The Court grants plaintiff's petition for remand.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | number of notices |
| | No notices required. | |
| | Notices mailed by judge's staff. | JUL 20 2001 date docketed |
| | Notified counsel by telephone. | |
| ✓ | Docketing to mail notices. | docketing deputy initials |
| | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 JUL 19 PM 3:49 |
| JD | courtroom deputy's initials | date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number: 11

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, ex rel. JAMES E. RYAN, Attorney General of the State of Illinois, | ) ) ) ) ) ) | **DOCKETED** JUL 2 0 2001 |
| Plaintiff, | ) ) | 00 C 8121 |
| v. | ) ) ) | Judge George M. Marovich |
| UNITED STATES DEPARTMENT OF THE ARMY, | ) ) ) ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Relator People of the State of Illinois ("State"), filed a Complaint against the United States Department of the Army ("Army") in the Circuit Court of Will County, Illinois. The State alleges violations of the Illinois Environmental Protection Act, 415 Ill. Comp. Stat. 5/1, et seq. and the Act Relating to the National Pollutant Discharge Elimination Permit program. In a ten-count complaint, the State claims that the Army improperly allowed water pollutants to be released from its Joliet Army Ammunition Plant into wastestreams and outfalls, ultimately ending up in Prairie Creek, a tributary of the Kankakee River, and Jackson Creek, a tributary of the Des Plaines River.

The Army subsequently filed a notice of removal with the United States District Court for the Northern District of

Illinois alleging subject matter jurisdiction because the suit is a civil suit against the United States, pursuant to 28 U.S.C. § 1442(a)(1) ("§ 1442"). The State now moves to remand this case back to state court. For the reasons set forth below, we grant the State's petition.

## BACKGROUND

For decades the Army has manufactured and assembled ammunition at the Joliet Army Ammunition Plant ("JAAP") in Will County, Illinois. Although it is not entirely clear from the pleadings, the Army has closed or is in the process of closing the JAAP. On May 18, 1998, the Illinois Environmental Protection Agency ("IEPA") performed an inspection of the JAAP to evaluate its compliance with Illinois's environmental regulations. On July 14, 1998, the IEPA issued a violation notice to the Army. The Army provided the IEPA with a written response on September 1, 1998. That response addressed issues raised in the violation notice and provided the Army's explanations for various violations.

On March 30, 1998 the IEPA returned to the JAAP and again performed an inspection. At that time, the Army provided the IEPA some information regarding the current status of the Army's cleanup efforts and projected completion dates. On June 8, 1999, the Army issued a letter to the IEPA explaining their progress,

as well as some of the issues which were slowing down the cleanup process and delaying some of the projected completion dates.

The IEPA performed another inspection on the JAAP facility on June 26, 2000. At that time, an Army contractor informed the IEPA that the Army would investigate further remediation at the facility. Subsequently, the State filed a complaint premised on the alleged ongoing violations which it observed at the JAAP. The Complaint alleges that the Army is allowing water pollutants to be released from the JAAP into wastestreams and outfalls, which ultimately end up in Prairie Creek, a tributary of the Kankakee River, and Jackson Creek, a tributary of the Des Plaines River, in violation of the Illinois Environmental Protection Act, 415 Ill. Comp. Stat. 5/1, et seq. and the Act Relating to the National Pollutant Discharge Elimination Permit program. The Army removed the Complaint to this Court and the State now moves to remand the matter back to the Circuit Court of Will County.

## DISCUSSION

When assessing a petition for remand, the lack of subject matter jurisdiction or a defect in the removal procedure requires that the case be remanded. In re Amoco Petroleum Additives Co., 964 F.2d 706, 708 (7th Cir. 1992). The State's Complaint alleges that the Army violated the Illinois Environmental Protection Act,

415 Ill. Comp. Stat. 5/1, et seq. and the Act Relating to the National Pollutant Discharge Elimination Permit program by improperly allowing water pollutants to be released from the JAAP into wastestreams and outfalls, ultimately ending up in Prairie Creek, a tributary of the Kankakee River, and Jackson Creek, a tributary of the Des Plaines River. In arguing against federal jurisdiction, the State claims that they are suing the Army in its role as a property owner and that the fact that it is a federal agency is merely "incidental." They also contend that the Army lacks a colorable federal defense. As a result, the State urges this Court to conclude that subject matter jurisdiction never existed over this claim and, therefore, it should be remanded back to state court. The Army argues that the State's suit meets the requirements of the federal agency removal statute, § 1442, in that the Complaint is brought against a federal agency and that the Army has a colorable federal defense.

The Army removed the Complaint pursuant to § 1442(a)(1) which reads, in pertinent part: "(a) A civil action . . . commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Any officer of the United States or any agency

4

thereof . . . for any act under color of such office." 28 U.S.C. § 1442(a)(1). Additionally, "Section 1442 does not permit removal on the federal party's say-so; there must be a bona fide federal defense to the claim based on state law." Venezia v. Robinson, 16 F.3d 209, 211 (7th Cir. 1994)(citing Mesa v. California, 489 U.S. 121 (1989)). Both parties agree that the Army is indeed an agency of the United States. The two points of contention are: whether the Army acted under color of federal law; and whether the Army has a colorable federal defense.

I. <u>Under Color of Federal Law</u>

In a single paragraph of its Motion to Remand, the State notes that "the Army was sued because it is the owner and operator of a state regulated site. The fact that the Army is a federal agency or operates under a department of the federal government is incidental, and was irrelevant to the People's decision to initiate this enforcement action against the Army." (Mot. to Remand at 3) Presumably, the State is attempting to argue that they are suing the Army for actions it took as a landowner and, therefore, such actions were not "under color of federal law." The State abandons this posture in its reply brief. This Court finds that the Army, which ran the JAAP to manufacture and assemble ammunition, was undoubtedly acting under

5

color of federal law. This Court concurrs with the Eastern District of New York when it stated "the Court is at a loss to understand how a federal agency-- . . . as opposed to a federal official--can act in any way but 'under color' or 'officially.'" Moreland v. Van Buren GMC, 93 F. Supp. 2d 346, 352 (E.D.N.Y. 1999).

II. Colorable Federal Defense

Having found that the Army is a federal agency acting under color of federal law, this Court is faced with the final requirement of removal--whether the Army has a colorable federal defense. The Army asserts that it has a colorable federal defense of sovereign immunity. It argues that the United States has not waived its sovereign immunity from liability under the Clean Water Act or supplanting state law. The State argues to the contrary that the United States has specifically waived its immunity to these types of actions.

The Federal Water Pollution Control Act ("Clean Water Act") states: "Each . . . agency . . . engaged in any activity resulting, or which may result, in the discharge or runoff of pollutants . . . shall be subject to, and comply with, all Federal State, interstate, and local requirements, administrative authority and process and sanctions respecting the control and

abatement of water pollution in the same manner, and to the same extent as any nongovernmental entity . . . This subsection shall apply notwithstanding any immunity of such agencies, officers, or employees under any law or rule of law."  33 U.S.C. § 1323(a). This Section of the Clean Water Act has been interpreted by the United States Supreme Court in <u>United States Department of Energy v. Ohio</u>, 503 U.S. 607 (1992).  Both parties agree that that case holds that "Congress waived immunity to coercive fines, which look to the future and attempt to compel obedience to a court order[, and preserved] immunity to punitive fines, which look backwards at past violations."  (Resp. to Mot. to Remand at 7; <u>see also</u> Reply in Support of Mot. to Remand at 6)

Thus, the dispositive factor of the waiver determination is whether this Complaint seeks damages for past violations, or damages to coerce future compliance.  A review of the Prayers for Relief in each of the ten counts of the Complaint makes clear that the relief sought is strictly injunctive against future violations coupled with fines to prevent such violations. (Compl. at 10-34)  As previously explained, the United States has explicitly waived sovereign immunity for this type of action. <u>United States Department of Energy v. Ohio</u>, 503 U.S. 607, 627 (1992).

7

Additionally, this Court is not persuaded by the Army's single footnote that it "may have additional federal defenses." (Resp. to Mot. to Remand at 7, n.6) While the United States need not prove its ability to succeed in bringing its defense, it must at least allege sufficient facts to support a colorable defense. State v. Ivory, 906 F.2d 999, 1002 (4th Cir. 1990). The only possible alternative federal defense offered by the Army in its footnote is that the Army has been addressing some of the cleanup through a remedial action under CERCLA and that, pursuant to 42 U.S.C. § 9621(e), the Army is not required to obtain any permits. The Army, as the removing party, bears the burden of establishing federal jurisdiction. In re County Collector of Winnebago, 96 F.3d 890, 895 (7th Cir. 1996). This Court finds that the Army cannot meet such a burden by including a single footnote of such a conclusory nature. The Army has not provided sufficient legal or factual argument to convince this Court of the existence of a colorable federal defense. As such, the Court finds that the Army has failed to establish federal jurisdiction and this matter must be remanded to the Circuit Court of Will County.

## CONCLUSION

For the forgoing reasons, the Court grants Plaintiff's petition for remand.

ENTER:

GEORGE M. MAROVICH
UNITED STATES DISTRICT JUDGE

DATED: July 18, 2001